THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUENTIN J. STEVENS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES GOVERNMENT, *et al.*,<br><br>　　　　　Defendants. | CASE NO. C21-0528-JCC<br><br>ORDER |

　　　　This matter comes before the Court *sua sponte*. On April 20, 2021, Magistrate Judge Michelle L. Peterson granted Plaintiff's motion to proceed *in forma pauperis* and recommended the Court review the complaint under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 4.)

　　　　Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if it fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. Federal Rule of Civil Procedure 8 provides that in order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). At a minimum, a complaint must put defendants on notice of what wrongs they allegedly committed against the plaintiff. *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). To avoid dismissal, a

complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). The Court liberally construes a *pro se* complaint. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff's complaint names as Defendants the United States Government; the Trump Organization; Facebook, Inc.; Washington State; the City of Seattle; Amazon, Inc.; Apple Inc.; Microsoft Corporation; Alphabet Inc.; and Jehovah'sWitnesses.org. (Dkt. No. 5 at 2–6.) Plaintiff alleges that Defendants violated the Due Process Clause of the Fourteenth Amendment by the "use of app or link to personal property incurred after accident in hospital in 2012 (Aftercare Report)." (*Id.* at 5, 7.) He seeks as relief "proceeds derived from link or application of this Aftercare Report starting from November 11, 2013." (*Id.* at 7.) The complaint includes no further factual allegations. (*See generally* Dkt. No. 5.)

Even liberally construed, Plaintiff's complaint fails to state a claim upon which relief can be granted because it is conclusory and devoid of factual allegations. *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (noting that Rule 8 may be violated when a pleading "says *too little*"). Plaintiff only alleges the "use of app or link to personal property incurred after accident in hospital in 2012 (Aftercare Report)," (Dkt. No. 5 at 7), and it is not clear what he means by this. Without additional factual allegations, the complaint fails to give the requisite notice to Defendants of what wrongs they allegedly committed against Plaintiff.

Plaintiff's complaint suffers from additional deficiencies. First, Plaintiff cannot sue the United States Government for violations of his Fourteenth Amendment rights because the Fourteenth Amendment applies only to the states, not the federal government. *See S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543 n.21 (1987); *Hall v. Mueller*, 84 Fed.

App'x 814, 815 (9th Cir. 2003). Second, a plaintiff cannot bring a lawsuit directly under the Fourteenth Amendment. *See Azul–Pacifico, Inc. v. City of L.A.*, 973 F.2d 704, 705 (9th Cir. 1992). Instead, Plaintiff must sue for violations of his Fourteenth Amendment rights through a federal statute, 42 U.S.C. § 1983, which creates a cause of action against persons acting under color of state law for violations of constitutional rights.

Plaintiff cannot sue Defendant Washington State under section 1983 because states are not "persons" acting under color of state law. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). While municipalities (like Defendant City of Seattle) and private parties (like the remaining named Defendants) can sometimes be subject to suit under section 1983, Plaintiff does not allege sufficient facts to state a section 1983 claim here.

A municipality is a "person" under section 1983 but may not be held liable unless "a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)). Plaintiff's complaint does not allege any facts showing that the City of Seattle has a policy or custom that was the moving force behind the alleged constitutional violation.

Private parties, unlike municipalities, are generally *not* persons acting under color of state law. But a private party can qualify if it is "a willful participant in joint action with the State or its agents." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (internal quotation omitted). Plaintiff's complaint does not allege that any of the private parties named as Defendants participated in joint action with the state or its agents.

Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Court must DISMISS the complaint. However, the Court dismisses the complaint without prejudice and with leave to amend. If Plaintiff chooses to file an amended complaint curing the above-identified deficiencies, he must do so no later than 21 days from the date of this order. In his amended complaint, Plaintiff must clearly identify the Defendants, the constitutional or

federal statutory basis for the claim(s) asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested. Plaintiff must identify how each Defendant was involved and what each Defendant did that caused Plaintiff harm or violated his rights. An amended complaint operates as a complete substitute for an original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For the foregoing reason, Plaintiff's motion to appoint counsel (Dkt. No 6) is DENIED as moot. The Court DIRECTS the Clerk to send a copy of this order to Plaintiff.

DATED this 22nd day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE