UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QUENTIN J. STEVENS,

        Plaintiff,

   v.

UNITED STATES GOVERNMENT, *et al.*,

        Defendants.

CASE NO. C21-0528-JCC

ORDER

This matter comes before the Court on Plaintiff Quentin J. Stevens' amended complaints (Dkt. Nos. 8, 9, 12) and motions to appoint counsel (Dkt. No. 10) and for service (Dkt. No. 11). Plaintiff, proceeding *pro se* and *in forma pauperis*, alleges that the federal government, the State of Washington, the City of Seattle, the King County Sheriff's Office, and several private companies violated the Takings Clause of the Fifth Amendment by using his "Aftercare Report" from a 2012 hospitalization in "applications, websites, and a variety of media outlets" without providing him just compensation. (*See* Dkt. No. 8 at 4–5.)

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if it fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. The federal rules of civil procedure provide that in order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). At a minimum, a complaint must put defendants on notice of what wrongs they allegedly committed against the plaintiff. *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). While the Court liberally construes a *pro se* complaint, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), it must dismiss a complaint, even if filed *pro se*, if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory, *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court previously dismissed Plaintiff's complaint for failure to state a claim, but gave Plaintiff leave to amend within 21 days. (Dkt. No. 7.) Even liberally construed, Plaintiff's amended complaints do not cure the deficiencies previously identified by the Court. Plaintiff's amended complaints name additional defendants and allege that the defendants' unauthorized use of his "Aftercare Report" violated the Takings Clause of the Fifth Amendment rather than the Due Process Clause of the Fourteenth Amendment. (*Compare* Dkt. No. 5 at 2–5, *with* Dkt. Nos. 8 at 2–3, 9 at 2, 12 at 2–3). Among other things, the amended complaints are still conclusory and devoid of factual allegations to put the defendants on notice of what wrongs they allegedly committed.

Accordingly, the Court DISMISSES Plaintiff's amended complaints without prejudice and DENIES as moot Plaintiff's motions to appoint counsel and for service (Dkt. Nos. 10, 11). The Court DIRECTS the Clerk to close the case and send a copy of this order to Plaintiff.

DATED this 6th day of July 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C21-0528-JCC
PAGE - 2